**SO ORDERED: August 01, 2007.**

_____
**Frank J. Otte
United States Bankruptcy Judge**

```
           UNITED STATES BANKRUPTCY COURT
            SOUTHERN DISTRICT OF INDIANA
                INDIANAPOLIS DIVISION

IN RE:
JOSHUA JACKSON and      )
DANIELLE JACKSON        ) CASE NO. 07-02540-FJO-7A
                        )
        Debtor          )
```

<u>**ORDER**</u>

This matter came before the Court upon the filing of the Trustee's Corrected Objection to Debtors' Claimed Exemptions filed on May 15, 2007 and the response filed thereto by the Debtors. The Court held a hearing on this matter on June 20, 2007.

The Trustee asserts in his objection that due to the circumstances surrounding the creation and funding of the Roth IRA account, that it constitutes an asset of the estate and said exemption should be disallowed.

The Debtors admit that on the date of filing their petition, they had a Roth IRA account with a balance of

approximately $5,100.00.  The Debtors admit that the account was established prior to the filing of the petition mainly with the funds from the Debtors' tax refund for the tax year 2006.  The Debtors assert that pursuant to I.C. section 34-55-10-1 et. seq., they are entitled to claim the funds in the Roth IRA as exempt.

I.C. section 34-55-10-2(c)(6) provides for the exemption of monies in accounts which qualify as Roth IRA accounts under the Internal Revenue Code.  The Trustee is not asserting that the account as established fails to qualify as an exempt account, but instead requests that the Court disallow the exemption because the Debtors admit that they created the account immediately before the filing of the petition for the express purposes of turning nonexempt assets into exempt assets.

The case cited by the Trustee, In re Addison,-- B.R.--, 2007 WL 941691 (8th Cir. BAP 2007), is based on Minnesota law.  Minnesota law specifically provides for the disallowance of an exemption by a debtor who makes such transfer "with actual intent to hinder, delay, or defraud any creditor of the debtor." Minn. Stat. Ann. Section 513.44(a)(1), In re Sholdan, 217 F.3d 1006, 1008 (8th Cir. 2000).  The Minnesota statute also includes a list of badges of fraud similar to those used in bankruptcy cases.  No such

2

similar provision is set forth in the relevant Indiana Code sections.  Furthermore, under Minnesota law, the debtor's conversion of nonexempt assets into exempt assets is not sufficient, standing alone, to deprive debtor either of bankruptcy discharge or of exemption allowed under state law.  In re Curry, (Bkrtcy. D. Minn.1993) 160 B.R. 813.

I.C. 34-55-10-8(c)(8) provides for the exemption of contributions to Section 529(b) accounts only to the extent the contributions were made within a certain period of time prior to the filing of the bankruptcy petition.  No such timing restriction is present as to the applicability of the exemption provision as to funds contributed to a Roth IRA account.  Therefore, the fact that the Debtors transferred the money into the account immediately prior to the filing of the petition has no bearing on the validity of the claimed exemption as to the funds in such account.

Based upon the foregoing, the Court finds that the Trustee's Objection to the Debtors' Claimed Exemptions should be overruled.  It is, therefore,

ORDERED, ADJUDGED and DECREED that the Trustee's Objection to the Debtors' Claimed Exemptions should be and hereby is OVERRULED.

###